

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-29-2006

# Humala v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1361

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Humala v. Atty Gen USA" (2006). *2006 Decisions.* Paper 403.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/403

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1361

ADELAIDA HUMALA; UMBERTO HUMALA,
Petitioners,

v.

ATTORNEY GENERAL OF THE UNITED STATES

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency Nos. A74 951 729 & A74 951 730)
Immigration Judge:  Honorable Daniel Meisner

Submitted Under Third Circuit L.A.R. 34.1(a)
September 11, 2006
BEFORE: BARRY, CHAGARES AND COWEN,  CIRCUIT JUDGES

(Filed:  September 29, 2006)

OPINION

PER CURIAM

Umberto and Adelaida Humala, natives of Ecuador, petition for review of the final

orders of removal issued against them by the Board of Immigration Appeals (BIA).  For

the following reasons, we will deny the petition for review.

The petitioners, husband and wife, entered the United States without being admitted. Adelaida was subsequently selected as a beneficiary of the Diversity Immigrant Visa Program (DV Program). In her petition to adjust status under the DV Program, Adelaida represented that she was a high school graduate, and submitted a high school diploma in support of her petition. In March 1996, based on Adelaida's petition, she and Umberto were admitted as lawful permanent residents.[1] They later returned to Ecuador to obtain immigrant visas for their children. During an interview before a United States Consular Officer in Ecuador, Adelaida admitted that she did not graduate from high school and that she had submitted a false diploma which she had purchased for $100.

In September 2003, the government charged Adelaida with removability for having obtained adjustment of status by willfully misrepresenting a material fact, and charged Umberto with removability for having obtained adjustment of status without valid documents. An Immigration Judge (IJ) found the petitioners removable as charged and ineligible for a waiver of removal, and ordered them removed to Ecuador. The BIA agreed and affirmed the IJ's decision. The petitioners filed a timely petition for review.

We will deny the petition for review. We agree fully with the BIA that Adelaida's adjustment of status was obtained by willfully misrepresenting a material fact, i.e., that she had graduated from high school. The element of willfulness is satisfied if the misrepresentation was deliberate or voluntary – no intent to deceive is required. See

_____

[1] Umberto (whose name appears in the record as Humberto) Humala's adjustment of status was derivative of his wife's DV claim.

Mwongera v. INS, 187 F.3d 323, 330 (3d Cir. 1999). As we have previously stated, "knowledge of the falsity of the representation will suffice." Id. Here, substantial evidence supports the conclusion that Adelaida knew that she had not graduated from high school. The fact that she purchased a false diploma to support her petition strongly supports the BIA's finding that her misrepresentation was willful. Indeed, in their brief to the BIA, the petitioners concede willfulness. (A.R. at 9.)

Adelaida argues, however, that her statement regarding high school graduation was not material because she was eligible for a visa based on her work experience as a cook. We disagree. In this context, "[a] statement is material if either (1) the alien is excludable on the true facts, or (2) the misrepresentation tends to shut off a line of inquiry which is relevant to the alien's eligibility and which might well have resulted in a proper determination that [she] be excluded." Id. Under the applicable statute, Adelaida is ineligible for a visa under the DV Program unless she "has at least a high school education or its equivalent, or has, within 5 years of the date of [her visa application] at least 2 years of work experience in an occupation which requires at least 2 years of training or experience." 8 U.S.C. § 1153(c)(2); see Nyaga v. Ashcroft, 323 F.3d 906, 908 (11th Cir. 2003). Without question, her misrepresentation "shut off a line of inquiry" relevant to determining her eligibility for a visa under the DV Program. Significantly, if Adelaida had not misrepresented her educational status, she could have pursued eligibility based on her work experience. Moreover, as the IJ described, the evidence of Adelaida's

3

work history is inconsistent – while she testified before the IJ that she had worked as a cook, documents submitted with her visa petition describe her as a management secretary.

Finally, we note that the IJ ruled that the petitioners are ineligible to apply for discretionary waivers of removal under either § 212(i) or § 212(k) of the Immigration and Nationality Act [8 U.S.C. §§ 1182(i), (k)]. Because the petitioners present no argument to us, and presented none to the BIA, regarding their eligibility to apply for any waiver, we will not consider this aspect of the IJ's decision.

In sum, substantial evidence of record supports the BIA's decision affirming the IJ's orders of removal. Accordingly, we will deny the petition for review.